# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

CARLOS GONZALEZ,

    Plaintiff,

vs.

WHIRLPOOL CORPORATION and
JAMES M. COOK,

    Defendants.

No. 21-CV-9-LRR

**ORDER**

_____

*TABLE OF CONTENTS*

I.    INTRODUCTION.............................................1

II.   RELEVANT PROCEDURAL HISTORY........................2

III.  SUBJECT MATTER JURISDICTION..........................2

IV.  RELEVANT FACTUAL BACKGROUND.......................3

V.   ANALYSIS...................................................4

    A.   *Standard of Review*...................................4
    B.   *The Parties' Arguments*..............................5
    C.   *Applicable Law*......................................7
    D.   *Application*.........................................9

VI.  CONCLUSION..............................................11

## I. INTRODUCTION

The matter before the court is Defendant James M. Cook's "Motion to Dismiss Plaintiff's Claims Against Him" ("Motion") (docket no. 11).

## II. RELEVANT PROCEDURAL HISTORY

On November 5, 2020, Plaintiff Carlos Gonzalez filed a Petition at Law and Jury Demand ("Petition") (docket no. 4) in the Iowa District Court for Iowa County. In the Petition, Gonzalez alleges a single claim of disability discrimination in violation of Iowa Code Chapter 216. *See generally* Petition ¶¶ 10-35. On January 26, 2021, Defendant Whirlpool Corporation ("Whirlpool") filed a Notice of Removal (docket no. 1), bringing the case before this court.[1]

On March 25, 2021, Defendant James M. Cook filed the Motion. On April 8, 2021, Gonzalez filed the Resistance (docket no. 14). On April 15, 2021, Cook filed the Reply (docket no. 20). The matter is fully submitted and ready for decision.

## III. SUBJECT MATTER JURISDICTION

"Federal courts are courts of limited jurisdiction. The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception." *Kessler v. Nat'l Enter., Inc.*, 347 F.3d 1076, 1081 (8th Cir. 2003) (quoting *Godfrey v. Pulitzer Pub. Co.*, 161 F.3d 1137, 1141 (8th Cir. 1998)). Even if the parties do not dispute the existence of subject-matter jurisdiction, a court may not preside over a case without it. *See Crawford v. F. Hoffman La Roche Ltd.*, 267 F.3d 760, 764 (8th Cir. 2001) ("It is axiomatic that a court may not proceed at all in a case unless it has jurisdiction.").

Pursuant to 28 U.S.C. § 1332(a)(1), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value

---

[1] In the Notice, it states that "Defendant Cook consents to the removal of this action to this District." Notice of Removal ¶ 4; *see also* Whirlpool's Exhibit B, Declaration of James M. Cook (docket no. 1-2) at ¶ 1 ("I make this declaration for the limited purpose of consenting to and supporting Whirlpool Corporation's . . . removal of this action.").

2

of $75,000 . . . and is between . . . citizens of different States. . . ." *Id*. An individual's citizenship "is determined by a person's physical presence in a state along with his [or her] intent to remain there indefinitely." *Altimore v. Mount Mercy College*, 420 F.3d 763, 768 (8th Cir. 2005). As for a corporation's citizenship, 28 U.S.C. § 1332(c)(1) provides that "a corporation shall be deemed a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business[.]" *Id*.

Gonzalez is a citizen and resident of Marion County, Iowa. Petition ¶ 1. Since November 2019, Cook has resided in the State of Georgia. Notice of Removal ¶ 15. In December 2019, Cook obtained a Georgia driver's license and registered to vote in Georgia. *Id*. According to the Declaration of James M. Cook (docket no. 1-2) attached to the Notice of Removal as Exhibit B, Cook states that he "intend[s] to stay in Georgia indefinitely." Declaration of James M. Cook ¶ 11. Based on the foregoing, the court concludes that Cook is a citizen of Georgia. Whirlpool is a Delaware corporation with its principal place of busines in Michigan. Notice of Removal ¶ 14; *see also* Whirlpool's Exhibit C, Declaration of Kevin Bradley (docket no. 1-3) ¶¶ 5-6 (Kevin Bradley, Whirlpool's Human Resources Director declaring that Whirlpool is a Delaware corporation with its principal place of business in Michigan).

Accordingly, the court has diversity jurisdiction over the claims because complete diversity exists between the parties and the amount in controversy exceeds $75,000. *See* U.S.C. § 1332(a)(1); Notice of Removal ¶¶ 27-35 (thoroughly explaining the law and reasons for the amount in controversy exceeding $75,000, where a plaintiff does not state a specific amount in controversy).

### IV. RELEVANT FACTUAL BACKGROUND

Accepting all factual allegations in the Complaint as true and drawing all reasonable inferences in favor of Gonzalez, the relevant facts are as follows:

On February 7, 2018, Gonzalez began employment at Whirlpool's Amana, Iowa, location. Petition ¶¶ 4, 10. Gonzalez was a Plant Utility Assembler. *Id*. ¶ 11. On October 3, 2018, while working on the assembly line, Gonzalez injured his shoulder. *Id*. ¶ 12. Due to his shoulder injury, Gonzalez had to attend physical therapy. *Id*. ¶ 19. Occasionally, Gonzalez's physical therapy appointments required him to leave work early. *Id*. Specifically, "[f]rom October 2018 until February 2019, Gonzalez was occasionally tardy, absent, or left early from work due to physical therapy or the weather." *Id*. ¶ 20. Absences related to weather and physical therapy should have been excused or accommodated under company policy. *Id*. ¶¶ 22-23.

On February 26, 2019, Gonzalez was terminated for attendance issues. *Id*. ¶ 24. Gonzalez filed a grievance with the union regarding his termination. *Id*. ¶ 25. During the grievance process, which involved Cook, Gonzalez asked Cook why his absences for his work-related injury were not excused, and Cook answered, "I don't know, that's a good question." *Id*. ¶ 26. Cook denied Gonzalez's grievance. *Id*. ¶ 27.

## V. ANALYSIS

### A. Standard of Review

The Federal Rules of Civil Procedure provide for the dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When analyzing a Rule 12(b)(6) motion, the court must accept all factual allegations in the complaint as true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In order to survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Varga v. U.S. Bank Nat. Ass'n*, 764 F.3d 833, 838-39 (8th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). This

4

standard requires a complaint to "contain factual allegations sufficient 'to raise a right to relief above the speculative level.'" *Parkhusrt v. Tabor*, 569 F.3d 861, 865 (8th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555).

Although a plaintiff need not provide "detailed" facts in support of his or her allegations, the "short and plain statement" requirement of Federal Rule of Civil Procedure 8(a)(2) "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555); *see also Erickson v. Pardus*, 551 U.S. 89, 93 (2007) ("Specific facts are not necessary [under Rule 8(a)(2)."). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "Where the allegations show on the face of the complaint [that] there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." *Benton v. Merrill Lynch & Co.*, 524 F.3d 866, 870 (8th Cir. 2008) (citing *Parnes v. Gateway 2000, Inc.*, 122 F.3d 539, 546 (8th Cir. 1997)).

### B. The Parties' Arguments

Cook argues that Gonzalez has failed to plead facts against him to support a claim of discrimination. *See generally* Cook's Brief in Support of Motion to Dismiss ("Cook's Brief") (docket no. 11-1) at 3-5. Specifically, Cook asserts that "there is absolutely nothing in [Gonzalez's] Petition to even hint at the idea that [he] denied [Gonzalez's] grievance because of [Gonzalez's] alleged disability." *Id.* at 5. Cook also argues that Gonzalez has failed to plead facts to support holding him individually liable. *See generally id.* at 5-7. Specifically, Cook notes that:

> [Gonzalez has not] pled that, during [Gonzalez's] employment . . . Cook had any knowledge of [Gonzalez's] alleged injury and/or disability, any requests for accommodations, any other information related to [Gonzalez's] condition, or indeed any interaction with [Gonzalez] at all. [Gonzalez] has not even alleged that . . . Cook was involved in the decision to terminate

5

> his employment—only that . . . Cook reviewed and denied his grievance filed after his termination.

*Id*. at 6-7.

In resistance to the motion to dismiss, Gonzalez argues that he "has pleaded that Cook conducted the grievance process and denied Gonzalez's grievance. Implicit in those allegations is that Cook had the power to overturn the decision and reinstate Gonzalez." Gonzalez's Brief in Resistance to Motion to Dismiss ("Gonzalez's Brief") (docket no. 14-1) at 5-6. Further, Gonzalez argues that the Petition "gives Cook fair notice that the claim against him arises from Gonzalez's termination and the refusal to grant his grievance." *Id*. at 7. Gonzalez contends that he "does more than just allege that Cook considered and then denied his termination grievance," he also alleges that "Cook did not follow the grievance policy and did not answer Gonzalez's simple question about why his absences for his work-related injury were not excused." *Id*. at 8 (citing Petition ¶ 6 and Petition Exhibit A). Gonzalez maintains that his termination was discriminatory, and, therefore, "if Cook reviewed [the termination] and 'found it to be sound[,]' [then] it is plausible [that] Cook's decision was discriminatory as well." Gonzalez's Brief at 8. Gonzalez concludes that:

> Giving Gonzalez all favorable inferences, the following scenario is entirely plausible under the facts as pleaded: Cook knew Gonzalez had absences due to an injury and therefore knew Gonzalez had a disability. Cook also knew that Gonzalez's absences for that injury should have been excused under company policy but knew that they had not been excused. Cook knew Gonzalez was terminated for "attendance issues" because he had occasionally been absent for physical therapy. Despite knowing those absences should have been excused, Cook decided to affirm the termination decision because of Gonzalez's disability. Therefore, Cook's motion should be denied because Gonzalez has pleaded enough facts to state a claim to relief that is plausible on its face.

*Id*.

In the alternative, Gonzalez argues that, "in the event the court is inclined to grant Cooks' motion, Gonzalez respectfully requests leave to file an Amended Petition to address any pleading deficiencies identified by the [c]ourt [instead of] dismissal." *Id*. at 8-9 (citing Federal Rule of Civil Procedure 15(a)(2)).

### C. Applicable Law

Iowa Code section 216.6(1)(a) provides that it is a discriminatory practice for any "Person to . . . discharge any employee, or to otherwise discriminate in employment against . . . any employee because of the . . . disability of such . . . employee[.]" *Id*. In *Vivian v. Madison*, 601 N.W.2d 872 (1999), the Iowa Supreme Court noted that unlike Title VII, which states "It shall be an unlawful employment practice for an *employer*" to discriminate, the Iowa statute states "It shall be unfair or discriminatory for any *Person*" to discriminate. *Id*. at 873 (emphasis added). At issue in *Vivian* was, "whether the statutory use of the word 'person' entitles a plaintiff to seek a personal liability judgment against a supervisor accused of discrimination." *Id*. at 874. In considering the significance of "Person" in the statute, the Iowa Supreme Court stated:

> The [Iowa] legislature's use of the words "person" and "employer" in section 216.6(1)[(a)], and throughout the chapter, indicates a clear intent to hold a "person" subject to liability separately and apart from the liability imposed on an "employer." A contra interpretation would strip the word "person" of any meaning and conflict with our maxim of statutory evaluation that laws are not to be constructed in such a way as to render words superfluous. . . . Moreover, we are guided by what the legislature actually said, rather than what it could or should have said.

*Id*. at 878 (citations omitted). The Iowa Supreme Court held that "a supervisory employee is subject to individual liability for unfair employment practices under Iowa Code section 216.6(1) of the Iowa Civil Rights Act." *Id*.

In *Blazek v. U.S. Cellular Corp.*, 937 F.Supp.2d 1003 (N.D. Iowa 2011), the district court determined that individual liability under Iowa Code § 216.6(1) is not

7

limited to supervisory employees. *Id.* at 1023. The district court explained that *Vivian* does not stand for the proposition that only "supervisory" employees may be liable under § 216.6(1)(a), stating that, "[i]f anything, the Iowa Supreme Court recognized in *Vivian* that the language of the ICRA would impose liability on any 'person,' not just an 'employer' or a 'supervisor.'" *Id.* Thus, the district court concluded that, under § 216.6(1)(a), a co-worker was a "person" that, if properly pled, could be held individually liable in a sexual harassment case brought under the ICRA. *Id.*; *see also Paskert v. Kemna-Asa Auto Plaza, Inc.*, No. C17-4009-LTS, 2018 WL 5839092, at *10 (N.D. Iowa Nov. 7, 2018) (finding that, contrary to the defendants arguments, nothing in *Vivian* or the ICRA limits individual liability to supervisors only); *but see Johnson v. BE & K Construction Co., LLC*, 593 F.Supp.2d 1044, 1049-50 (S.D. Iowa 2009) (providing that *Vivian* recognized that, "when an employer is a corporation or other institutional entity, it must act through actual people," and, "[t]hus, when an actual person is acting in such a way that he or she is in a position to control the company's hiring decisions, that person may be subject to individual liability as essentially an equivalent to an employer"); *Neppl v. Wells Fargo Bank, National Association*, No. 4:19-cv-00387, 2020 WL 3446280, at *3 (S.D. Iowa Mar. 27, 2020) ("Under *Vivian*, individual liability under the ICRA is limited to when an individual is acting in such a way that he or she is in a position to control the company's [employment] decision.") (alteration in original) (quotation omitted).

In *Martin v. ReliaStar Life Ins. Co.*, 710 F.Supp.2d 875 (D. Minn. 2010), at the motion to dismiss stage, the district court addressed the issue of the adequacy of facts necessary for a discrimination complaint:

> The United States Supreme Court has held . . . that a complaint in an employment discrimination lawsuit need not contain specific facts establishing a prima facie case of discrimination. *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 510-12, 122 S. Ct. 992, 152 L.Ed.2d 1 (2002). The

8

> Court reiterated this position in *Twombly*, holding that it does not "require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." 550 U.S. 544, 569-570, 127 S. Ct. 1955 (reaffirming opinion in *Swierkiewicz*). As a result, this [c]ourt believes that "[a]n employment discrimination plaintiff need only give the defendant 'fair notice' of what the plaintiff's claims are and the grounds upon which they rest." *Brewer v. Mo. Dep't of Corrections*, No. 4:08CV1883 CEJ, 2009 WL 1797877 at *2 (E.D. Mo. June 24, 200) (citing *Swierkiewicz*, 534 U.S. at 514, 122 S. Ct. 992).

*Martin*, 710 F.Supp.2d at 887.

### *D. Application*

Here, at the motion to dismiss stage of litigation, and, accepting all factual allegations in the complaint as true, and, given the fact that Gonzalez was terminated from employment and his termination was upheld by Cook under the grievance process, the court is persuaded that Cook is a "person" under the ICRA for purposes of individual liability. Indeed, while Cook did not make the initial decision to terminate Gonzalez, Cook upheld the termination under the grievance process. *See Blazek*, 937 F.Supp.2d at 1023 (holding that a "person" need not be a supervisor for individual liability to attach under the ICRA). Furthermore, by upholding Gonzalez's termination, and, accepting all factual allegations in the complaint as true, the court is persuaded that it is plausible that Cook had some control over Whirlpool's employment decision. *See Johnson*, 593 F.Supp.2d at 1049-50 (S.D. Iowa 2009) (recognizing that, under *Vivian*, when a person is acting in such a way as to control a company's employment decisions, that person may be subject to individual liability); *Neppl*, 2020 WL 3446280, at *3 (providing that, under *Vivian*, an individual may be liable under the ICRA, when the individual is acting in such a way as to control a company's employment decision).

Because at this stage of the litigation the court is persuaded that Cook may have individual liability under the ICRA, the court must now consider whether Gonzalez has

9

properly pled a discrimination claim against Cook. In *Twombly*, the Supreme Court held that heightened fact pleading in a discrimination case is not necessary, "but only enough facts to state a claim to relief that is plausible on its face." 550 U.S. 570; *see also Swierkiewicz*, 534 U.S. at 510-12 (holding that it is not necessary for a complaint in an employment discrimination case to contain specific facts establishing a prima facie case of discrimination).

Here, in the Petition, Gonzalez alleges that he was terminated for attendance issues. Petition ¶ 24. He filed a grievance with the union regarding his termination. *Id.* ¶ 25. Implicitly, Gonzalez alleges that Cook oversaw the grievance process, and explicitly alleges that, during the grievance process, Gonzalez asked Cook why his absences for his work-related injury were not excused, and Cook answered, "I don't know, that's a good question." *Id.* ¶ 26. Finally, the Gonzalez alleges that Cook denied Gonzalez's grievance. *Id.* ¶ 27.

In determining whether Gonzalez's Petition contains sufficient facts to state a claim that is plausible on its face, the court believes that both parties overreach in arguing their respective positions. While Gonzalez's Petition is light on specifics and only implicitly connects Cook to his claim of discrimination, the court, accepting all factual allegations in the complaint as true, believes that Gonzalez's pleadings are suggestive of a discrimination claim against Cook. The court is unpersuaded by Cook's position that "there is absolutely nothing" in the Petition that "even hint[s] at the idea" that Cook's denial of Gonzalez's grievance was connected to his alleged disability. Cook's Brief at 5. However, while the court is persuaded that Gonzalez's Petition is suggestive of a discrimination claim against Cook, the court believes that Gonzalez far overreaches that his Petition sets out the scenario presented in his Resistance. *See especially* Resistance at 8. Apparently, realizing that his Petition may be insufficient, Gonzalez, in the

10

alternative, "requests leave to file an Amended Petition to address any pleading deficiencies[.]"  *Id*. at 9.

The court is reluctant to grant Gonzalez's request for leave to file an Amended Petition carte blanche. Indeed, Gonzalez has not filed a motion to amend his petition with an accompanying brief explaining why the court should grant such a motion. Furthermore, Cook has not had an opportunity to fully resist, if he wishes to, a fully briefed motion to amend petition. Moreover, neither the court, nor Cook has seen a proposed amended petition. Therefore, under the circumstances, the court believes that the best course of action is to deny Cook's Motion without prejudice and to allow Gonzalez to file a motion to amend petition, which is properly briefed and includes the proposed amended petition.

## VI. CONCLUSION

In light of the foregoing, Cook's Motion to Dismiss (docket no. 11) is **DENIED WITHOUT PREJUDICE**. Gonzalez is **DIRECTED by not later than June 21, 2021** to file a motion to amend petition, which is fully briefed and includes the proposed amended petition. Cook will have until **not later than July 6, 2021** to file a resistance to Gonzalez's motion to amend petition.

**IT IS SO ORDERED**.

**DATED** this 10th day of June, 2021.

_____
LINDA R. READE, JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA